**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 17 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-10427 |
| Plaintiff-Appellee, | D.C. No. 2:14-cr-00207-GEB |
| v. | |
| MICHAEL BAILEY, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Garland E. Burrell, Jr., District Judge, Presiding

Submitted July 11, 2017[**]

Before:    CANBY, KOZINSKI, and HAWKINS, Circuit Judges.

Michael Bailey appeals from the district court's judgment and challenges the 151-month sentence imposed following his guilty-plea conviction for receipt and distribution of child pornography, in violation of 18 U.S.C. § 2252(a)(2). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Bailey argues that the district court procedurally erred by failing to address his request for a downward variance or departure under U.S.S.G. § 5H1.4 to reflect his health problems and traumatic brain injury.  We review for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and conclude that there is none.  The record reflects that the district court considered Bailey's sentencing arguments, specifically noted his age and poor health, and adequately explained the low-end sentence.  *See United States v. Carty,* 520 F.3d 984, 992 (9th Cir. 2008) (en banc).

Bailey also contends that his within-Guidelines sentence is substantively unreasonable in light of his mitigating factors and the fact that, in his view, the Guidelines overinflate the sentencing ranges for child pornography offenses.  The district court did not abuse its discretion.  *See Gall v. United States,* 552 U.S. 38, 51 (2007).  The sentence is substantively reasonable in light of the 18 U.S.C. § 3553(a) factors and the totality of the circumstances, including the nature of the videos Bailey collected and his admitted "sexting" with minor girls.

**AFFIRMED.**

16-10427